IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:04-cr-00066-1 |
| v. | ) | |
| | ) | |
| MARCUS LAMONT SUMBLIN | ) | By:  Elizabeth K. Dillon |
| | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On April 15, 2021, the court issued a memorandum opinion and order denying defendant Marcus Lamont Sumblin's motion for compassionate release. (Dkt. No. 211.) On January 3, 2022, Sumblin filed a motion for reconsideration of the court's order. (Dkt. No. 212.) On March 1, 2022, the clerk entered a letter from Sirewl Cox as to Sumblin's motion. (Dkt. No. 213.) Although this individual's relationship to Sumblin is not identified in the letter, the correspondence echoes many of the facts Sumblin sets forth in his motion and urges the court to reconsider its ruling.

For the reasons stated below, Sumblin's motion will be denied.

I.  BACKGROUND

The court adopts the background set forth in its April 15, 2021 memorandum opinion and order and incorporates it here by reference.  *See United States v. Sumblin*, No. 7:04-cr-00066-001, 2021 WL 1432305, at *1–2 (W.D. Va. Apr. 15, 2021).  For present purposes, the court notes that Sumblin was sentenced on January 31, 2006, to 324 months' imprisonment and 10 years' supervised release, plus a consecutive 36 months' imprisonment for his violation of supervised release in another case.  On September 28, 2015, the court reduced Sumblin's drug conspiracy sentence to 262 months' imprisonment pursuant to Amendment 782 to the Sentencing Guidelines.  (Dkt. No. 183.)  Sumblin is 56 years old; he has served his term of imprisonment on the drug conspiracy conviction, and his expected release date on the supervised release violation

is September 18, 2024.[1]  Sumblin was—at the time he filed his motions—and is now housed at Federal Correctional Institution (FCI) Allenwood Medium in White Deer, Pennsylvania.

In its prior opinion and order, the court concluded that Sumblin had not shown an extraordinary and compelling reason for compassionate release.  (Mem. Op. at 8, Dkt. No. 211.)  The court further reasoned that, even if he had made such a showing, the § 3553(a) factors weighed against granting his release.  (*Id.* at 8–9.)  In doing so, the court noted, among other things, Sumblin's significant criminal history, which included the carrying of a firearm and violent threats to various individuals.  (*Id.* at 9.)  The court recognized Sumblin's efforts toward rehabilitation, but also noted his multiple disciplinary infractions while in prison, at least before 2016.  (*Id.*)

Sumblin moves for reconsideration in light of the combined impact of COVID-19 and his underlying health conditions.  (Dkt. No. 212.)  Sumblin asserts that he is at heightened risk of contracting COVID-19 at Allenwood Medium because his unit was "back on lockdown due to 12 new cases being discovered." (*Id.*)  However, currently Allenwood has zero open COVID-19 cases out of a population of over 2600, and nearly 1800 of the inmates are "fully inoculated."[2]  In light of these more recent statistics, the risk Sumblin described has largely been alleviated.  In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[3]

Moreover, although Sumblin states in his motion that all "working, education classes, programming[,] [and] vocational classes" have been paused, the BOP currently reports that

---

[1] https://www.bop.gov/inmateloc/ (last visited December 20, 2023).

[2] *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited December 20, 2023).

[3] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed December 19, 2023).

Allenwood is at Operational Level 1, indicating that the medical isolation rate at the facility is less than two percent and that there are fewer than 100 cases per 100,000 over the last seven days.[4]

## II. ANALYSIS

### A. Procedural Matters

The order of which Sumblin seeks reconsideration is a memorandum opinion and order entered April 15, 2021 (Dkt. No. 211), in which the court denied his earlier motions for compassionate release (Dkt. Nos. 185, 190, 201). Sumblin did not appeal that order, and it is final.

The Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration in criminal cases. However, the filing of such motions is generally permitted, and they are governed by the rules that govern equivalent motions in civil proceedings. *United States v. Kimbrough*, No. 3:09cr220, 2022 WL 2484548, at *2 (E.D. Va. July 6, 2022) (citing *United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008); *United States v. Fiorelli*, 377 F.3d 282, 288 (3d Cir. 2003)).[5] The two Federal Rules of Civil Procedure to which those cases refer are Rules 59(e) and 60(b).

In this case, however, Sumblin's motion is primarily based on facts that developed *after* the court's ruling on his last motion and thus were not reflected in that motion or addressed in the court's ruling. As such, it is more properly viewed as a new motion for compassionate release, as opposed to a motion for reconsideration. Nonetheless, if it were a proper motion for reconsideration, the court would analyze it under Rule 60 and would deny it.

---

[4] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed December 20, 2023).

[5] *See also* Fed. R. Crim. P. 57(b) (providing that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district" where there is no controlling procedural law).

B.  **Motion for Compassionate Release**

Viewing his motion as a new motion for compassionate release, the court will deny it. *See, e.g.*, *Kimbrough*, 2022 WL 2484548, at *3. The court assumes for the sake of this ruling that Sumblin has exhausted his administrative remedies within the Bureau of Prisons and that he could establish "extraordinary and compelling" reasons for release, given his medical conditions.[6]

As it did in its first ruling, however, and for the same basic reasons it set forth there (*see* Dkt. No. 211), the court concludes that the 18 U.S.C. § 3553(a) factors do not support a reduced sentence. Sumblin's latest motion again discusses his rehabilitation, noting that he has learned job skills and a trade, has "learned the importance of being a law-[abiding] citizen [and] a better man and father." (Mot. 1, Dkt. No. 212.) The court commends him for his rehabilitation efforts and hopes that he has a successful transition after his release.

But his criminal history, the seriousness of his offense, and the other factors discussed by the court in its prior opinion and order (*see* Dkt. No. 211 at 9), continue to counsel against any reduction in sentence. Among other reasons, Sumblin's offense—being a manger or supervisor in a drug trafficking conspiracy that resulted in death and threats of serious bodily injury—was very serious. He regularly carried firearms during drug deals, and he fled officers in his vehicle, putting others on the road in great danger. Moreover, Sumblin's history of drug- and gun-related

---

[6] He is unlikely to actually satisfy this requirement, given that no inmates at Sumblin's facility are reported to have COVID-19 currently and given the fact that vaccines are widely available. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases and noting consensus of district courts that have ruled that receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); *United States v. Luna*, No. 7:16-CR-11-D-1, 2021 WL 5828034, at *3 (E.D.N.C. Dec. 7, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19). Nonetheless, to abbreviate its analysis, the court will assume he could make such a showing.

criminal offenses dating back to 1987 indicates a persistent failure to respect and abide by the law. There is a need to punish this conduct, to deter Sumblin and the community at large from similar conduct, and to promote respect for the law. While Sumblin has already served much of his sentence, he should serve the remainder to reflect the seriousness of his offense and protect the public.

### III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that Sumblin's new motion for compassionate release (Dkt. No. 212) is DENIED. The clerk is directed to provide a copy of this memorandum opinion and order to Sumblin, all counsel of record, and the United States Probation Office.

Entered: December 27, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge